**UNITED STATES of America**

v.

**James Guy PARKS.**

**No. Cr–79–100–D.**

United States District Court,
M. D. North Carolina.

April 7, 1980.

Benjamin H. White, Jr., Asst. U. S. Atty., Greensboro, N. C., for plaintiff.

N. Carlton Tilley, Jr., Osteen, Adams, Tilley & Walker, Greensboro, N. C., for defendant.

---

**3.** Because federal law is primarily applied to commodities matters, the fourth factor in the *Cort* test is irrelevant.

## 1384

## ORDER

HIRAM H. WARD, District Judge.

On March 25, 1980, the defendant, through counsel, filed a motion for reduction or modification of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure. The government has responded in opposition on the grounds that the 120 days limitation imposed by Rule 35 has run and that the Court therefore is without jurisdiction. In the alternative the government contends that none of the reasons given by the defendant justify the requested reduction of sentence.

On October 2, 1979, the defendant entered a plea of guilty to an indictment charging a conspiracy to knowingly, intentionally and unlawfully manufacture, distribute, and possess with intent to manufacture and distribute quantities of Methamphetamine, a Schedule II non-narcotic controlled substance, in violation of 21 U.S.C. § 846, as charged in Count 1 of an indictment. The Court concluded that it needed more detailed information concerning the defendant as a basis for determining the sentence to be imposed. The defendant was therefore committed to the custody of the Attorney General or his authorized representative pursuant to 18 U.S.C. § 4205(c) for the maximum period provided by law and for study as described in 18 U.S.C. § 4205(d). The judgment and commitment order was entered on October 5, 1979. Thereafter, on December 4, 1979, the defendant was returned to the Court and after having received and considered the report of the study, it was ordered that the period of imprisonment previously imposed be reduced to two years, including time served, and that the defendant serve a special parole term of ten (10) years. It was further recommended to the Attorney General that the defendant be incarcerated in the Federal Correctional Institution at Lexington, Kentucky, where he might receive chemical abuse treatment.

The government contends that the 120 days limitation of Rule 35 began to run on October 2, 1979, the date the 18 U.S.C. § 4205(c) commitment was ordered. The Court disagrees. When a § 4205(c) commitment is ordered, the appropriate date for the commencement of the 120 days jurisdictional limitation of Rule 35, Federal Rules of Criminal Procedure, is the date upon which the defendant is sentenced after the court has received and considered the results of the study and recommendation from the Bureau of Prisons. While not the case here, in many instances a defendant committed for a § 4205(c) study is not even returned to the court within 120 days. To hold that the 120 days limitation of Rule 35 ran while a defendant was undergoing study and prior to imposition of the ultimate sentence envisioned by § 4205(c) would be manifestly unfair and contrary to the purposes of that section.

The defendant here was sentenced on December 4, 1979. His Rule 35 motion was, therefore, timely filed on March 25, 1980, and the Court has jurisdiction to determine the matter.

The Court has carefully considered the defendant's motion and memorandum, the letter attached thereto, and the government's response and has reviewed the facts in this case. It is concluded that the sentence imposed was just and fair and commensurate with the gravity of the offense committed and that no just cause has been shown for a reduction or modification of the sentence.

IT IS, THEREFORE, ORDERED that the defendant's motion be, and the same hereby is, DENIED.